UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PEABODY ENERGY CORP., et al., | ) | Bankruptcy Case No. 16-42529-399 |
| | ) | |
| Reorganized Debtors, | ) | |
| _____ | ) | |
| | ) | |
| COUNTY OF SAN MATEO, | ) | |
| CITY OF IMPERIAL BEACH, | ) | |
| COUNTY OF MARIN, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | Case No. 4:17 CV 2886 RWS |
| v. | ) | |
| | ) | |
| PEABODY ENERGY CORP., | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM AND ORDER

Debtors Peabody Energy Corporation and its affiliates (PEC) filed for Chapter 11 bankruptcy protection in 2016 in the United States Bankruptcy Court for the Eastern District of Missouri. The bankruptcy court set October 11, 2016 as the deadline for governmental units to assert claims that arose prepetition. On March 17, 2017, the bankruptcy court entered its order confirming PEC's Plan of Reorganization. On April 3, 2017, the Plan went into effect and Reorganized PEC emerged from bankruptcy. The Plan established a deadline on May 3, 2017 for all creditors to assert claims against PEC that arose between the filing of the

bankruptcy petition and the Plan's effective date.

Appellants County of San Mateo, City of Imperial Beach, and County of Marin are three governmental entities in California. None of the Appellants filed a claim in PEC's bankruptcy proceeding. Instead, on June 17, 2018, three months after PEC's plan was confirmed, the Appellants each filed a separate, nearly identical, lawsuit in three separate California state courts. The lawsuits sought damages and injunctive relief from multiple fossil fuel industry defendants for their role in contributing to global warming. PEC is a named defendant in these three lawsuits. The complaints allege that the defendants are responsible for greenhouse gas emissions between 1965 and 2015. The complaints seek compensatory damages, equitable relief, punitive damages, attorneys' fees, disgorgement of profits, and cost of suit. These lawsuits were removed to federal court.

On July 16, 2017, Reorganized PEC filed a motion in the bankruptcy court seeking an order enforcing the discharge and injunction provisions of its Chapter 11 Plan. Specifically, PEC asked the bankruptcy court to enjoin Appellants from prosecuting their causes of action against PEC and require Appellants to dismiss those actions with prejudice. The bankruptcy court found Appellants' claims against PEC had been discharged in bankruptcy. The bankruptcy court granted Reorganized PEC's motion, enjoined Appellants from prosecuting the PEC causes of action, and directed Appellants to dismiss the PEC causes of action with prejudice. Appellants filed a motion in the bankruptcy court to stay its order

pending appeal. The bankruptcy court denied the motion to stay on December 5, 2017.

Appellants appealed the bankruptcy judge's decision to this Court. Appellants filed a motion to stay the bankruptcy court's order pending the resolution of this appeal. A party seeking a stay pending a bankruptcy appeal must establish that: (1) it is likely to succeed on the merits; (2) it will suffer irreparable injury unless the stay is granted; (3) no substantive harm will come to other interested parties; (4) and that the stay will do no harm to the public interest. In re Ross, 223 B.R. 702, 703 (B.A.P. 8th Cir. 1998). Where the bankruptcy court has already considered and ruled on the request for a stay pending appeal, the district court's appellate role is limited to determining whether the trial court abused its discretion. In re Stratford Hotel Co., 120 B.R. 515, 516 (E.D. Mo. 1990).

I have reviewed the parties' papers and the bankruptcy court orders at issue and find that Appellants have not established that they are likely to succeed on the merits of their claim. Nor will Appellants suffer irreparable injury unless the stay is granted. If the bankruptcy court's decision is reversed on appeal, Appellants may file for relief in their California lawsuit under Federal Rule of Civil Procedure 60(b). See White v. Nat'l Football League, 756 F.3d 585, 594 (8th Cir. 2014).

Accordingly,

**IT IS HEREBY ORDERED that** Appellants' motion to for a stay pending appeal [4] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2018.